## RIGGS et al. v. BROWN et al.

(Circuit Court, S. D. New York. June 16, 1909.)

In Equity. On motions to amend order, etc.

See, also, 172 Fed. 637.

Don R. Almy, Benj. S. Catchings, and Thos. C. McDonald, for complainants.

Kellogg & Rose, Tom. K. Hartpence, Philbin, Beekman & Menken, Garvan, Armstrong & Conger, and Bowers & Sands, for defendants.

NOYES, Circuit Judge. The parties in this case seem to have wholly misapprehended the order filed May 21, 1909, sustaining the demurrer. The court did not order the complainants to pay any costs. The order provided that the demurrer be sustained, and that, if the bill were not amended, it should be dismissed; but no costs were awarded, and, not having been awarded, were not allowed. The only provision concerning costs was that providing that, in case the complainants choose to again invoke the jurisdiction of the court to allow an amendment to the complaint, they should pay the defendants' costs. But the complainants were not required to do this, and any payment of costs was to be merely a prerequisite to a voluntary invocation of jurisdiction.

The complainants have not complied with the conditions of the order. They have not paid the costs, but attach checks therefor under protest, and object to making such payments. As they are not required to make them, and have not chosen to avail themselves of the privilege granted, the motions to amend the bill are denied. It was not the intention of the court, however, to bar the complainants, or any of them, after the dismissal of the bill, from bringing a new suit in a court of competent jurisdiction, if they desire to do so. Any dismissal of the bill, therefore, under the order of May 21, 1909, will be without prejudice to the rights of all the complainants in that regard. The separate motion of Mary Hatch Riggs, administratrix, to dismiss, is denied.

It would appear from the papers that judgments for costs in this case have been entered. If so, they are unauthorized, and are vacated and set aside. Through inadvertence the memorandum of decision contained a clause regarding costs. But this was corrected in the order as already noted. And the latter, which determines the rights of the parties, would seem to make the intention of the court entirely clear.